IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAQUIN ARIAS HERMOSILLO,

    Petitioner,

vs.

FEDERAL BUREAU OF PRISONS, et al.,

    Respondents.

No. 2:12-cv-1036 EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2241. Petitioner seeks leave to proceed *in forma pauperis*. He makes the required showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

      Currently pending before the court is petitioner's application for a writ of habeas corpus. For the reasons explained below, the court finds that it must be dismissed without leave to amend. *See* Rules 1(b), 4, Rules Governing § 2254 Cases.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the

1

respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Petitioner argues that he is being illegally detained because of an alleged defect in the 1948 passage of H.R. 3190, by which Congress enacted 18 U.S.C. § 3231.[1] According to petitioner, "[t]he non-existence of 18 U.S.C. § 3231 means that federal courts do not possess general criminal jurisdiction over ANY federal criminal statute." Dckt. No. 1 at 8. Based on this allegation, petitioner seeks to void his criminal judgment under 28 U.S.C. § 2241 and Rule 60(b)(4) of the Federal Rules of Civil Procedure.[2][3] The United States Court of Appeals for the Ninth Circuit has not specifically addressed the constitutionality of 18 U.S.C. § 3231. However,

---

[1] 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States."

[2] Contrary to petitioner's contention, Rule 60 does not does not provide a basis for collaterally challenging his criminal conviction. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . .").

[3] Petitioner also seeks to bring a class-action pursuant to Rule 23 of the Federal Rules of Civil Procedure to void the judgments of other similarly situated prisoners. Dckt. No. 1 at 6. The undersigned declines to address whether petitioner may properly bring this action as a class-action because, as explained herein, the petition must be dismissed.

every court to address petitioner's argument has rejected it.  *See Wolford v. United States*, 362 Fed. Appx. 231, 232 (3d. Cir. 2010) (unpublished) ("Section 3231 was properly enacted and is binding."); *United States v. Collins* 510 F.3d 697, 698 (7th Cir. 2007) (rejecting argument that Title 18 was not properly enacted "because of supposed irregularities in its enactment" and discussing a separate appeal in which the court found the same argument to be "unbelievably frivolous."); *United Stats v. Cunningham*, Criminal No. DKC 08-00215, 2009 WL 3418589 (D. Md. Oct. 20, 2009) (citing numerous cases where courts have rejected the argument that 18 U.S.C. § 3231 is invalid).

As petitioner's sole claim is completely without merit, the petition must be dismissed without leave to amend.  *See* Rule 4, Rules Governing § 2254 Proceedings.

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted; and

2. The Clerk randomly assign this case to a United States District Judge.

Further, it is hereby RECOMMENDED that:

1. The petition be dismissed without leave to amend; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

////

Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 26, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4